JOAN NEUMEIER, as Administratrix of the Estate of AMIE NEUMEIER, Deceased, Appellant, *v.* IRENE KUEHNER, as Administratrix of the Estate of ARTHUR KUEHNER, Deceased, et al., Respondents.

Fourth Department, July 1, 1971.

*Ohlin, Damon, Morey, Sawyer & Moot* (*James Schmitt* and *James S. McAskill* of counsel), for appellant.

*Smith, Murphy & Schoepperle* (*Frank G. Godson* of counsel), for Irene Kuehner, respondent.

*Moot, Sprague, Marcy, Landy & Fernback* (*Courtland R. LaVallee* of counsel), for Canadian National Railway, respondent.

CARDAMONE, J. The question presented by this appeal is whether, in a wrongful death action brought by a Canadian domiciliary, the Ontario guest statute may be interposed as an affirmative defense by the defendant driver, a New York domiciliary whose automobile is owned, registered, and insured in New York State. A reading of the majority view in *Tooker* v. *Lopez* (24 N Y 2d 569) requires that we answer this question in the negative.

In *Tooker* the Court of Appeals committed itself to the interest analysis approach in the solution of conflicts-of-laws problems. (*Tooker* v. *Lopez, supra,* pp. 590–591, BURKE, J. concurring.) It is therefore necessary to analyze the respective interests of Ontario and New York.

The guest statute may only be justified as a means to prevent fraudulent claims against Ontario defendants and their insurers. '' This purpose can never be vindicated when the insurer is a New York carrier and the defendant is sued in the courts of this State. Under such circumstances, the jurisdiction enacting such a guest statute has absolutely no interest in the application of its law.'' (*Tooker* v. *Lopez, supra,* p. 575.) This holding

controls in the case before us and completely disposes of the interest of the Province of Ontario.

The defendant decedent, a domiciliary of New York State, the owner-operator of an automobile registered and insured in New York, is burdened with this State's " grave concern " that motorists shall be financially responsible for their negligent acts. As expressed in *Tooker* v. *Lopez* (*supra*, p. 577): " The Legislature, in requiring that insurance policies cover liability for injuries regardless of where the accident takes place (Vehicle & Traffic Law, § 311, subd. 4) has evinced commendable concern not only for residents of this State, but residents of other States who may be injured as a result of the activities of New York residents." Nothing in this expressed policy of New York suggests a distinction between guests, pedestrians, or other insured persons with respect to the liability of a negligent driver to an innocent victim. (*Tooker* v. *Lopez, supra,* p. 576.)

While the law of the Province of Ontario is normally applicable where passenger and driver are differently domiciled, nevertheless, the *lex loci delicti* may be displaced, where such will advance the substantive law purposes of New York without impairing the multi-State system or creating great uncertainty for litigants (*Tooker* v. *Lopez, supra,* p. 585, FULD, Ch. J., concurring).

" The rule which has evolved * * * is that the law of the jurisdiction having the greatest interest in the litigation will be applied and that the facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict " (*Miller* v. *Miller,* 22 N Y 2d 12, 15–16). An examination of the facts in the instant case in light of the policy considerations which underlie the conflicting laws makes it clear that the interest of New York with respect to the responsibility of an injured driver to an injured passenger predominates over the interest of Ontario as embodied in its guest statute. Furthermore, the application of Ontario law " would defeat a legitimate interest of the forum State without serving a legitimate interest of any other State " (*Tooker* v. *Lopez, supra,* p. 576, quoting *Intercontinental Planning* v. *Daystrom, Inc.,* 24 N Y 2d 372, 385).

Analysis of the policies underlying the conflicting New York and Ontario laws clearly demonstrates that the domicile of the plaintiff-guest is immaterial on the facts of this case. A contrary conclusion seems to us to lead to possible inconsistent results. For example, if a New York domiciliary was also a passenger in defendant's car, the guest statute would not bar

his recovery. Such inconsistent results would create uncertainty for litigants and should be avoided.

Finally, the Ontario guest statute has no direct effect on the Canadian National Railway's liability to the plaintiff, because the Negligence Act relates merely to the amount of contribution between negligent defendants (Ontario Rev. Stat. of 1960, ch. 261). Since its pleading is of no benefit to this Canadian defendant, but does work to the prejudice of the plaintiff, the motion to strike it should also have been granted.

MOULE, J. (dissenting). This appeal presents the question of whether the Ontario guest statute is available as a defense in an action brought in New York State for wrongful death on behalf of the estate of a Canadian domiciliary (plaintiff) against the estate of a New York State domiciliary (New York defendant) and the Canadian National Railway Company (Canadian defendant). The action arose out of an accident occurring in Ontario, Canada in which the plaintiff, an Ontario domiciliary, was a gratuitous passenger in an automobile owned and driven by the New York defendant and licensed, insured and garaged in New York State.

On May 7, 1969, the New York defendant drove his car from Buffalo, New York to Fort Erie, Ontario, Canada where he picked up plaintiff. The two thereupon departed for Long Beach, Ontario to prepare for the renting season several cottages owned by the New York defendant. At a railroad grade crossing in the Town of Sherkston, Ontario, the car in which decedent was a passenger, collided with a freight train owned and operated by the Canadian National Railway Company. As a result of the collision, both the plaintiff and the New York defendant were killed instantly.

In this action for wrongful death based on negligence, the New York defendant interposed as an affirmative defense the Province of Ontario guest statute which provides that "the owner or driver of a motor vehicle * * * is not liable for any loss or damage resulting from bodily injury to, or the death of any person being carried in * * * the motor vehicle, except where such loss or damage was caused or contributed to by the gross negligence of the driver of the motor vehicle." (Ontario Rev. Stat. of 1960, ch. 172, § 105, subd. [2], as amd. by Stat. of 1966, ch. 64, § 20, subd. [2]).

Plaintiff moved to dismiss the affirmative defense on the ground that the Ontario guest statute conflicts with the law of New York State. Special Term held that the guest statute was applicable and denied the plaintiff's motion.

This appeal requires us to resolve a choice-of-law problem left undecided in *Tooker v. Lopez* (24 N Y 2d 569). *Tooker* arose from an accident in Michigan involving an automobile driven by a New York domiciliary, owned by the driver's father, also a New York domiciliary, and registered and insured in New York. Plaintiff's decedent, a passenger in the vehicle, was also a New York domiciliary. The other passenger, a Michigan domiciliary, was injured. In an action for wrongful death commenced by the estate of the New York passenger, the defendant interposed the Michigan guest statute as an affirmative defense. The court, in attempting to resolve the apparent inconsistencies in cases dealing with the application of guest statutes, reaffirmed the rejection in *Babcock v. Jackson* (12 N Y 2d 473) of the mechanical rule of *lex loci delicti,* disapproved the rule of contact counting, and adopted a choice-of-law rule which resulted in rejection of the guest statute defense in favor of the application of New York law. Although the court was obviously concerned with the possibility of inconsistent results in actions maintained by non-domiciliary passengers (see 24 N Y 2d, pp. 580, 585, 592, 597), it left undecided the question of whether New York law governs where the plaintiff passenger is a domiciliary of a jurisdiction having a guest statute and the accident occurs in that jurisdiction (24 N Y 2d, p. 580).

Judge KEATING, writing in *Tooker* for the majority, stated: "Applying the choice-of-law rule which we have adopted, it is not an 'implicit consequence' that the Michigan passenger injured along with Miss Lopez should be denied recovery. Under the reasoning adopted here, it is not at all clear that Michigan law would govern." (24 N Y 2d, at p. 580).

However, Chief Judge FULD indicated that the law of the State where the accident occurred would be controlling. He states, after setting forth three guidelines, two of which are not applicable here: "In other situations, when the passenger and the driver are domiciled in different states, the rule is necessarily less categorical. Normally, the applicable rule of decision will be that of the state where the accident occurred but not if it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants. (Cf. Restatement, 2d, Conflict of Laws, P.O.D., pt. II, §§ 146, 159.)" (24 N Y 2d, at p. 585).

Judge BURKE, in his concurring opinion, thought it not at all clear that the Michigan resident could recover even if she brought an action against defendant in New York and that:

"While the result reached by the court today may well serve as the basis for a new rule for this State in guest statute cases, it cannot purport to solve the unanticipated factual situations which, no doubt, will confront us shortly." (24 N Y 2d, at p. 592).

Judge BREITEL, in a dissenting opinion, concerned that the determination by implication precluded recovery for the Michigan resident and fearing that anomalies might result out of the same accident, with unpredictability and lack of consistency in determinations, wrote: " it is hard to accept the implicit consequence that Miss Silk, the Michigan resident injured in the accident, should not be able to recover in Michigan (and presumably in New York) but a recovery can be had for her deceased fellow-passenger in the very same accident." (24 N Y 2d, at p. 597).

As noted by Chief Judge FULD, the normally applicable rule of decision should be that of the place where the accident occurred unless the forum has a superior interest in applying its own law. (Cf. *Tooker* v. *Lopez*, 24 N Y 2d 569, 585, FULD, Ch. J., concurring.) In the instant case New York has no interest that would justify displacing that normally applicable rule. The instant case is thus distinguishable from those choice-of-law cases that have been passed upon by the Court of Appeals. (E.g., *Tooker* v. *Lopez*, 24 N Y 2d 569, 576; *Miller* v. *Miller*, 22 N Y 2d 12, 18; *Matter of Crichton*, 20 N Y 2d 124, 133–134.)

The majority's reliance on subdivision 4 of section 311 of the Vehicle and Traffic Law is misplaced. That section requires that insurance policies issued in New York cover liability for injuries regardless of where the accident takes place. The purpose of the statute is to assure that New York owners and drivers are financially responsible. The statute does not purport to impose liability where none would otherwise exist. We must observe that Judge KEATING's statement (p. 577) that the Legislature " has evinced commendable concern not only for the residents of this State, but residents of other States who may be injured as a result of the activities of New York residents " was in the context, not of proving that New York had a governmental interest in overriding foreign rules of liability, but of demonstrating that it was immaterial in that case that the driver and passenger, while domiciliaries of New York, were attending college in Michigan. While New York may be a proper forum for actions involving its own domiciliaries, regardless of where the accident happened, it does not follow that we should apply New York law simply because some may think it is a better rule, where doing so does not advance any New York State

interest, nor the interest of any New York State domiciliary.

The argument that we should refuse to apply the Ontario guest statute in this instance to avoid disparate treatment of passengers, depending upon their domicile, is not persuasive. As noted by Judge KEATING, in the majority opinion in *Tooker* (p. 580): "Any anomaly [in result]   *   *   * is 'the implicit consequence' of a Federal system which, at a time when we have truly become one nation, permits a citizen of one State to recover for injuries sustained in an automobile accident and denies a citizen of another State the right to recover for injuries sustained in a similar accident. The anomaly does not arise from any choice-of-law rule."

Further, we have here an additional complication because of the presence of a Canadian defendant. A plaintiff's recovery in New York against the New York State defendant and the Canadian defendant might have a much different effect in terms of the proportionate share of the judgment which each defendant might be required to pay. This is so since a judgment against the two defendants would make them jointly and severally liable for payment under section 105 of the Highway Traffic Act of the Revised Statutes of Ontario of 1960 as amended. Therefore, the Canadian defendant, if New York law is applied, might be called upon to pay more than it would if Ontario law was applied.

Accordingly, the orders appealed from should be affirmed.

DEL VECCHIO, J. P., and GABRIELLI, J., concur with CARDAMONE, J.; MOULE, J., dissents and votes to affirm in an opinion, in which HENRY, J., concurs.

Orders reversed, with costs, and motions granted.